D. Maimon Kirschenbaum
Michael DiGiulio
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

| | |
|---|---|
| **FATIMA BARI, on behalf herself and others similarly situated,** | **CASE NO.** |
| **Plaintiff,** | **COMPLAINT** |
| v. | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **ALLIANCE HOMECARE, INC., and ALLIANCE NURSING STAFFING OF NY, INC.,** | |
| **Defendants.** | |

-----------------------------------------------------------x

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. This Court has general personal jurisdiction over this case because Defendants' headquarters and principal place of business are located in this jurisdiction and in this Judicial District.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in this District, conduct business in this District, and a substantial part of the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Alliance Homecare Inc., ("Alliance Homecare") is a corporation organized and existing under the laws of the State of New York that owns and operates an in-home nursing care company with its headquarters located at 252 W 37th St., Suite 600W, New York, NY 10018.

5. Defendant Alliance Nursing Staffing of NY, Inc., ("Alliance Nursing") is a corporation organized and existing under the laws of the State of New York that owns and operate an in-home nursing care company with its headquarters located at 100 Crossways Park Drive West, Woodbury, NY 11797.

6. Upon information and belief, Alliance Homecare and Alliance Nursing collectively own and operate the in-home nursing care company that employed Plaintiff and other home health aides.

7. Defendants are an "enterprise engaged in commerce" within the meaning of the FLSA in that it has an has had employees engaged in commerce or in the production of goods for commerce, or that handles, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and has had an annual gross volume of sales of not less than $500,000.

8. Plaintiff Fatima Bari ("Bari" or "Plaintiff") was employed by Defendant as a home health aide beginning in November 2021 through the present.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9.  Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all the home health aides that Defendants employed on or after the date that is three years before the filing of the Original Complaint in this case as defined here ("FLSA Collective Plaintiffs").

10.  At all relevant times, the Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay the legally federally required overtime wage for all hours worked over forty (40) hours in a workweek. The claims of the Plaintiff for FLSA overtime violations, as stated herein, are essentially the same as those of the other FLSA Collective Plaintiffs.

11.  The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12.  Plaintiff brings the Second and Third Claim for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all of the home health aides that Defendants employed on or after the date that is six years before the filing of this Complaint (the "Class Period").

13. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

14. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

15. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages owed, and failing to provide written wage notices and pay statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

16. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented and/or currently represent plaintiffs in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. Upon information and belief, Defendants and other employers throughout the region violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class

actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of New York law.

b) At what common rate, or rates subject to common methods of calculation, were and is Defendants required to pay Plaintiff and the Class members for their work.

c) The policies, practices, programs, procedures, protocols and plans of Defendants regarding the work and labor for which Defendants did not pay overtime wages for the Plaintiff and the Class members.

d) Whether Defendants paid Plaintiff and the Class members the appropriate overtime wage for all overtime hours worked.

e) Whether Defendants issued adequate and lawful written wage notices to Plaintiff and the Class members.

f) Whether Defendants issued adequate and lawful written pay statements to Plaintiff and the Class members.

## **FACTS**

20. Plaintiff's consent to sue form is attached as Exhibit A.

21. Defendants committed the foregoing acts willfully, and against Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

22. Defendants own and operate an in-home nursing care company with its headquarters in New York State.

23. Defendants operate this company as a single integrated enterprise and are Plaintiff's, and all Class Members', employers under the FLSA and NYLL.

24. The name of the employer on all of Plaintiff's pay stubs was Defendant Alliance Homecare.

25. The name of the employer on Plaintiff's wage notice was Defendant Alliance Nursing.

26. According to their website, Defendants provide "nursing care for both medical and non-medical services to ensure that you and your loved one is able to remain at home in a comfortable, familiar, and caring environment."

27. Defendants hired Plaintiff as a home health aide in November 2021.

28. On November 9, 2021, Defendants provided Plaintiff with a wage notice that identified Plaintiff as a non-exempt employee and stated that Plaintiff's regular hourly rate would be between $16.00 to $18.00 per hour depending on the client to whom Plaintiff was assigned and that Plaintiff's overtime rate would be between $24.00 to $27.00 per hour depending on the client to whom Plaintiff was assigned.

29. However, this wage notice was facially inadequate because Defendants did not pay Plaintiff at these hourly rates or in this fashion.

30. In reality, Defendants paid Plaintiff, and all of their home health aides, a flat day rate.

31. Defendants paid Plaintiff $250 per day to work as a home health aide.

32. Defendants paid Plaintiff, and all of their home health aides, the flat day rate, regardless of whether they worked over 40 hours in any given week.

33. That is, Defendants never paid Plaintiff the overtime premium for hours she worked over 40 hours in any given week.

34. Defendants would inform Plaintiff of a specific job via text, which included notification of the pay for that specific job. Every job Defendants gave to Plaintiff was paid via a flat day rate.

35. Every job Defendants gave to their home health aides was paid via a flat day rate.

36. As a home health aide, Defendants assigned Plaintiff to work with a specific client and Plaintiff would live and work at the client's home either 3 or 4 days a week, depending on the assignment.

37. Plaintiff provided home health services to the client.

38. Plaintiff routinely worked 13 to 14-hour days. Plaintiff normally began work at 9am and worked until at least 10pm, but often until 10:30pm-11pm.

39. On many occasions Plaintiff was required to wake up and begin work at 6:30am-7am to help with a client's specific needs for that day (e.g., to get a client ready for a doctor's appointment).

40. Defendants instructed Plaintiff to clock in every day at 9am, regardless of when she started working.

41. Defendants also instructed Plaintiff to not clock out at the end of the day.

42. Thus, Defendants purposefully instructed Plaintiff to use the time keeping system in a manner that prevented Defendants from accurately keeping track of Plaintiff's work hours.

43. Defendants instructed all of their home health aides to use the time keeping system this way.

44. As a result, Defendants did not keep track of the hours that Plaintiff worked.

45. Defendants' paid Plaintiff a flat rate of $250 per day, and Defendants issue pay stubs reflecting this amount.

46. That is, on weeks Plaintiff worked 3 days, she was paid a total of $750, regardless of how many hours she worked on those days.

47. On weeks Plaintiff worked 4 days, she was paid a total of $1000, regardless of how many hours she worked on those days.

48. However, the pay stubs Defendants issued incorrectly state that Plaintiff was paid an hourly rate. This hourly rate does not correspond with the rate provided by Plaintiff's wage notice and was clearly generated as way for Defendants to back in to the $250 per day pay rate.

49. For example, for the week of August 14, 2022 to August 20, 2022, Plaintiff was paid a total of $1000.03, because Plaintiff worked four days that week.

50. The pay stub states that Plaintiff worked 52 hours that week (4 days at 13 hours a day) and was paid a regular hourly rate of $15.02 per hour for 22.84 hours and an overtime rate of $22.53 for 29.16 hours.

51. Clearly, the information on this pay stub – the hours Plaintiff actually worked and the rate at which she was paid – is incorrect.

52. Defendants never paid Plaintiff, or any of their home health aide employees, any overtime premium.

### FIRST CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. § 207
### Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs

53. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

54. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning

9

of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

55. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

56. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully, regularly and repeatedly refusing to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rate of one-and-one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff and the FLSA Collective Plaintiffs have been and are entitled to overtime.

57. As a result of Defendants' willful and unlawful conduct, Plaintiff and the FLSA Collective Plaintiffs seek damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provide by the FLSA for overtime violations, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4**
**Brought by Plaintiff on Behalf of Herself and the Class Members**

58. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

59. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

60. Throughout the Class period, Plaintiff and the Class members regularly worked in excess of forty (40) hours per workweek.

61. Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours per workweek.

62. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**Wage Notice and Wage Statement Violations, N.Y. Lab. Law §§ 195, 198**
**Brought by Plaintiff on Behalf of Herself and the Class Members**

63. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

64. Defendants did not provide Plaintiff and the members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

65. Among other things, Defendants failed to provide to Plaintiff and the members of the Class wage statements that accurately reflected their rate of pay.

66. Defendants failed to provide to Plaintiff and the members of the Class written wage notice that contains all of the information, including but not limited to, accurate rates of pay, as required by N.Y. Lab. Law § 195.

67. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages and penalties pursuant to N.Y. Lab. Law § 198, in an amount to

be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, pray for relief as follows:

A. Designation of this action as a class action pursuant to F.R.C.P. 23;

B. Designation of Plaintiff as Representative of the Class;

C. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D. Penalties available under applicable laws;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

G. Pre-judgment and post-judgment interest, as provided by law; and

H. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York          Respectfully submitted,
       September 29, 2022

JOSEPH & KIRSCHENBAUM LLP

By: _/s/ D. Maimon Kirschenbaum_
    D. Maimon Kirschenbaum
    Michael DiGiulio
    32 Broadway, Suite 601
    New York, NY 10004
    Tel: (212) 688-5640
    Fax: (212) 688-2548

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*